# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

———

Filed December 2, 1924.

———

ADASH IESHURIN HEBREW CONGREGATION

vs.

UNCLE SAMS SAVINGS BANK.

———

*Leonard Weinberg, Howard A. Sweeten* and *Michael Miller* for complainant.

*Eldridge Hood Young, R. Walter Crothers* and *Charles B. Backman* for defendant.

DAWKINS, J.—

The plaintiff owed a sum of money (about $3,500) to the defendant which was secured by a mortgage. Sundry payments had been made on account of said mortgage prior to October 15. 1923, reducing the debt to about $2.200 and interest.

On October 15, 1923, the plaintiff gave the defendant two checks, one for $1,000 as payment on the principal of said debt and one for $33 on account of the interest on the same. It is claimed by the plaintiff that no credit has been given for the said $1,000 payment. If proper credit were given, then the amount due to the defendant by the plaintiff would be $1,200 with interest.

The bill prays for a restraining order in the nature of an injunction to prevent foreclosure and to compel the defendant to give credit for the $1,000 paid and to release said mortgage upon the payment to it of said balance due to wit: $1,200 and interest.

The injunction was granted. A motion was made to dissolve the same which motion was granted. The defendant in the answer to the bill substantially admits all the averments save that when the check for $1,000 was presented for payment on Blaustein & Brothers Company, the bankers, the same was dishonored and that no such sum of money as alleged was paid to or collected by the defendant as a credit on said mortgage.

There is some conflict of testimony in the case, but it seems quite clear that the plaintiff gave two checks on October 15, 1923, one for $1,000 and one for $33.00, the latter of which was presented and paid.

The interest note for $33.00 was delivered. No receipt was given for the $1,000 payment, but it seems to have been accepted as payment on account of the debt. The checks were on Blaustein & Company Bank. The bank failed about October 23, 1923. The bank had in hand from the seventh of October to the twenty-third of October 1923, inclusive, over $1,000 available each day in that period to pay the check of that amount, save on one day, to wit. October 18, 1923, when it had a little less than $1,000, in the early part of the day, but over that sum in the latter part of the day.

The $33 was paid on October 19, 1923. There was no notice to any officer of the plaintiff of the non-payment of the check until the 24th or 25th of October, 1923, though there is evidence tending to show that the check was presented to the bank several times in the nearly ten days that the defendant seems to have had the check in its possession or in the possession of its depository, though the officers of the Blaustein bank do not seem to have any recollection of the check having been presented for payment, and payment refused. If the check was presented there would seem to be no reason why it was not paid, since there were ample funds in hand to pay it.

A check is not a payment unless it is accepted as cash or there is some laches by which injuries result to the drawer. Negligence by the payee that causes injury to the payer should enure to the benefit of the drawer.

78 Maryland, Exchange Bank vs. Sutton Bank, 586.

The plaintiff had accumulated the $1,000 in bank to pay on the debt existing on its synagogue. The check was accepted as payment for the $1,000. It was held sometime, nearly ten days, when there was money in bank to meet it, save possibly on one day, as before stated.

The check was not protested and no notice was given of its non-payment. It is possible that it may not have been presented to the bank. If it were presented the cause of the non-payment is not very clearly indicated. At any rate the cause of the non-payment and failure to be paid was not promptly reported to the plaintiff at the time of such refusal when manifestly the plaintiff could have compelled payment because the money was in the bank to meet the check.

Whilst a check is not necessarily a payment, nor does a bank owe any duty to the holder of a check drawn upon it and the bank is not bound to accept or pay the check, though it may have sufficient funds of the drawer with which to pay, yet if the check be given bona-fide as in this case, on a bank or bankers having sufficient funds to pay it, it is prima facie payment if accepted as cash.

The evidence indicated that this check was taken as a payment on the mortgage.

Lineweaver vs. Slagle, 64 Md. 487.

For the reasons given the plaintiff is entitled to the relief sought. A decree will be signed in accordance with the views, herein expressed.